UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RICHARD REX REAN,
a/k/a EMIL DAML,

    Plaintiff,

v.

DAKOTA COUNTY, and
STATE OF MINNESOTA,

    Defendants.

Civil No. 07-3329 (JNE/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's self-styled motion for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 3.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff has filed a self-styled complaint seeking an injunction against Defendants Dakota County (Minnesota), and the State of Minnesota. The complaint indicates that on June 26, 2007, Plaintiff was pulled over by a police officer, while driving a car in Dakota County. The officer determined that Plaintiff did not have a valid driver's license, and that his car was not properly registered. The officer also determined that Plaintiff had given him a false name, and that Plaintiff had possessed marijuana in the car. Plaintiff was taken into custody, and several criminal charges were filed against him.

Plaintiff apparently was detained at the Dakota County Jail, (for an unspecified duration), and his current lawsuit apparently stems from that confinement. Plaintiff alleges that:

> "[he was] susecptable [sic] to sickness [and] should never had [sic] been placed in a cold padded cell for the entire incarceration and detainment, and that said agencies [presumably the two Defendants], including the presiding judge aired [sic] by setting an unreasonable bail and causing your petitioner to fear for his physical health and well-being, and that said county nurses said that their doctors would not approve a lot of expensive drugs to protect and ensure plaintiff'[s] health and well being while in their custody."

(Complaint, [Docket No. 1], p. 1.)  Based on these allegations, Plaintiff claims that some unnamed "county workers should be held accountable for said cruel and unusual punishment." (Id.)

It appears that Plaintiff is not currently in custody, and there are no allegations suggesting that Defendants are intending to detain him again at any time in the foreseeable future.  Nevertheless, Plaintiff is seeking an injunction against the named Defendants that would prevent them from taking him back into custody, and causing him "further harm and endangerment."  (Id., p. 2.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, Plaintiff has not identified any specific legal basis for his lawsuit. However, his reference to "cruel and unusual punishment" suggests that he is attempting to sue Defendants under 42 U.S.C. § 1983, for allegedly violating his federal constitutional rights. To state a cause of action under § 1983, a complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Furthermore, an actionable § 1983 civil rights claim "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007), pet. for cert. filed, June 8, 2007. See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (same). This means that civil rights claimants must plead facts showing each individual defendant's direct personal involvement in some alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claim, because complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). In other words, the complaint must set forth specific factual allegations showing what each named defendant personally did, or failed to do, that allegedly violated, (or threatens to violate), the plaintiff's federal constitutional rights.

Here, Plaintiff's pleading fails to state an actionable civil rights claim, because there are no factual allegations showing that either of the named Defendants has been, (or will be), directly involved in any violation of Plaintiff's federal constitutional rights. There are no

3

allegations describing any wrongful acts or omissions directly attributable to either Dakota County or the State of Minnesota. Instead, it appears that Plaintiff is seeking relief against the named Defendants based solely on alleged past acts or omissions by some unnamed County or State employees.

It is well-settled, however, that governmental entities, (such as Defendants), cannot be held vicariously liable for the allegedly unconstitutional misdeeds of their employees, because the doctrine of respondeat superior is not applicable in § 1983 civil rights cases. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Thus, Plaintiff cannot sue Dakota County or the State of Minnesota simply because one or more of their employees allegedly violated his federal constitutional rights.

In addition, Plaintiff has failed to state a cause of action on which relief can be granted, because there are no allegations showing that he has standing to bring this action. As the Court has pointed out, the only relief Plaintiff is seeking in this case is an injunction that would prevent Defendants from taking him back into custody, and subjecting him to "further harm and endangerment" in the future. However, there are no allegations suggesting that Defendants are actually intending to take Plaintiff back into custody, or that there is any reasonable likelihood that they will do so in the foreseeable future. Because there are no allegations showing that Defendants are actually likely to subject Plaintiff to any harm in the future, he lacks standing to bring an action for injunctive relief. Meir v. Greene County Jail Employees, 487 F.3d 1115, (8th Cir. 2007) ("[s]tanding to seek injunctive relief requires a plaintiff, inter alia, to show a likelihood of a future injury") (emphasis added).

4

Finally, the Court notes that Plaintiff's claims against the State of Minnesota are barred by the Eleventh Amendment to the United States Constitution, which prohibits individuals from suing states in federal court, unless the state has consented to being sued, (Pug v. Alabama, 438 U.S. 781, 782 (1978) (per curia)), or Congress has abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Plaintiff's complaint includes no allegations suggesting that the State of Minnesota has consented to be sued in this matter, and Plaintiff has not identified any act of Congress that would abrogate the State's constitutional immunity from being sued in federal court. Therefore, Plaintiff's claims against the State of Minnesota are barred by the Eleventh Amendment.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state any cognizable claim for relief against either of the two named Defendants. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii). Having determined that Plaintiff has failed to state any actionable claim, the Court will further recommend that his pending "Request for an Injunction," (Docket No. 2), be summarily denied.

### IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis, (Docket No. 3), be DENIED;

2. Plaintiff's "Request for an Injunction," (Docket No. 2), be DENIED; and

    3.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: July 18, 2007　　　　　　　　　　　　s/Jeanne J. Graham

　　　　　　　　　　　　　　　　　　　　　　JEANNE J. GRAHAM
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 7, 2007.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.